NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0479n.06

No. 12-1065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 14, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CASEY TROYER, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| and | ) | DISTRICT OF MICHIGAN |
| | ) | |
| LUKE SCHMIDT; ELMORE MCCOY, JR.; | ) | |
| DWIGHT L. THOMAS, | ) | |
| | ) | |
| Plaintiffs - Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T.JOHN.E. PRODUCTIONS, INC., a Michigan | ) | |
| corporation; THINK FAST CORPORATION, | ) | |
| a Michigan corporation; X-TREME | ) | |
| ENTERTAINMENT, INC., a Michigan | ) | |
| corporation; TIMOTHY JOHN; LINDA JOHN; | ) | |
| JAIESEN JOHN; MARIN JOHN, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |

Before: COOK and WHITE, Circuit Judges; SHARP, District Judge[*]

**SHARP, District Judge.** Plaintiffs, individuals formerly employed by T.John.E. Productions, Inc., appeal the judgment entered against them with respect to their claim that Defendants improperly classified them as independent contractors exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs

_____

[*] The Honorable Kevin H. Sharp, United States District Judge for the Middle District of Tennessee, sitting by designation.

challenge the denial of a motion for new trial[1] by the district court. Finding no error in the district court's opinion, we AFFIRM.

## I.

T.John.E. Productions, Inc., Think Fast Corporation, X-Treme Entertainment, Inc., and their operating members (collectively, "T.John.E.") began operations in 1997 and have been in business since that time. T.John.E. schedules and hosts various interactive college and corporate events and activities, such as, casino night, Tron laser tag, sky-diving simulations, and Think Fast quiz bowl. Plaintiffs were all formerly employed by T.John.E. to work as its road crew for these events.

Plaintiffs and others who are no longer parties to this action filed a complaint against Defendants on September 4, 2009, alleging among other claims, violations of the FLSA. Ultimately, Elmore McCoy, Luke Schmidt, and Dwight Thomas proceeded to trial on September 20, 2011. Following a four-day trial, the jury returned a verdict finding that Plaintiffs were properly classified as independent contractors under the FLSA, and the court entered judgment in favor of T.John.E. Thereafter, Plaintiffs filed a motion for a new trial arguing that the verdict was unsupported by the evidence, or at minimum, was against the greater weight of the evidence. The district court denied the motion, and Plaintiffs appeal.

---

[1] In conjunction with the motion for new trial, Plaintiffs filed a motion for judgment notwithstanding the verdict ("JNOV"). Plaintiffs also challeng the denial of this motion on appeal. During oral argument on December 5, 2012, Plaintiffs conceded, as they must, that by failing to bring a Rule 50(a) motion (both prior to the claim going to the jury and after the jury issued the verdict), they lost the opportunity to bring a JNOV motion under Rule 50(b). *See* Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59; s*ee also Maxwell v. Dodd*, 662 F.3d 418, 421 (6th Cir. 2011).

**II.**

This court reviews a district court's denial of a motion for a new trial for an abuse of discretion. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Id.* We may reverse such a decision only if we have "a definite and firm conviction that the trial court committed a clear error of judgment." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000) (citation and internal quotation marks omitted).

Plaintiffs first contend that the evidence does not support a defense verdict under the Sixth Circuit's FLSA test used for determining whether an individual is an employee or independent contractor. The district court disagreed and laid out the evidence supporting the verdict as follows:

> The jury heard both parties' evidence on the issue of whether Plaintiffs were employees or independent contractors. This included testimony from Plaintiffs and Defendants. It also included a multitude of exhibits. Plaintiffs testified that their working relationship with Defendants was relatively permanent, they worked hundreds of hours of uncompensated overtime over several months, and that Defendants exercised strict control over their schedule and day-to-day activities while out on the road. Defendants countered that Plaintiffs worked on a job-by-job, independent contractor basis, that the Plaintiffs had a great amount of autonomy regarding how they completed their work, and that Plaintiffs failed to properly carry their burden regarding the overtime they allegedly worked due to a complete lack of records or any other credible evidence, outside of Plaintiffs' testimony. Each side had exhibits to support their view of the case. The parties certainly presented competing evidence and theories to the jury, but this is the essence of the trial process. In this

3

case, the jury sided with Defendants based on evidence that reasonably supports the verdict.

(Dist. Ct. Op. at 3–4).

In considering a motion for a new trial, district courts "'are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.'" *Barnes*, 201 F.3d at 821 (quoting Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir. 1967). Rather, a new trial should be granted only if, in light of the evidence, no reasonable juror could reach the challenged verdict. *Id.* at 820–21. The district court did not err in concluding that Plaintiffs failed to meet this standard.

Nor did the district judge abuse his discretion in denying Plaintiffs' motion based on the great weight of the evidence. Each side presented witnesses, exhibits, and legal argument to the jury regarding the various inferences to be drawn from the facts in the case. The jury rendered a verdict in favor of Defendants, and the evidence did greatly weigh against that verdict such that a new trial is warranted. Therefore, the district judge properly denied Plaintiffs' motion for a new trial.

Next, Plaintiffs argue that a new trial is warranted because the district court provided erroneous instructions to the jury. Specifically, Plaintiffs argue that the district court improperly included certain explanatory information in its instructions regarding the FLSA test, and that it improperly instructed the jury regarding industry standard. This court reviews a district court's jury instructions for abuse of discretion. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 536 (6th Cir. 2008). The "inquiry into jury instructions is limited to whether, taken as a whole, the instructions

4

adequately inform the jury of the relevant considerations and provide the jury with a sound basis in law with which to reach a conclusion." *Pivnick v. White, Getgey & Meyer Co., LPA*, 552 F.3d 479, 488 (6th Cir. 2009) (citation and quotation marks omitted). However, even erroneous instructions do not require reversal, unless the instructions are "confusing, misleading, and prejudicial." *Id.* Thus, "[w]e will not reverse a decision on the basis of an erroneous jury instruction where the error is harmless." *Barnes*, 201 F.3d at 822.

This court has conducted a thorough review of the jury instructions presented at trial. Contrary to Plaintiffs' assertions, the jury instructions as given were proper. Jury instructions are proper if, as a whole, they "fairly and adequately submitted the issues and applicable law to the jury." *Arban v. West Publ'g. Corp.*, 345 F.3d 390, 404 (6th Cir. 2003). Consequently, the district court did not abuse its discretion either by giving the instructions or by denying Plaintiffs' motion for a new trial on this ground.

Plaintiffs also claim they are entitled to a new trial based on arguments and improper comments made by Defendants' counsel during the trial. "Misconduct by an attorney that results in prejudice may serve as a basis for a new trial. The burden of showing prejudice rests with the party seeking the new trial, and district courts have broad discretion in deciding whether to grant a motion for new trial." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 759 (6th Cir. 2004) (internal quotation marks and citation omitted). Accordingly, Plaintiffs "must show both that the . . . argument[s] w[ere] improper and that [they] w[ere] prejudiced by the impropriety, that is, that there

is a reasonable probability that the jury's verdict was influenced by the improper argument[s]." *Id.* at 760.

Plaintiffs have failed to demonstrate a reasonable probability that the jury was improperly influenced by the arguments and comments by Defendants' counsel during the trial. Plaintiffs' assertions alone are not enough to establish a reasonable probability of improper influence. *See id.* at 760. Moreover, the district court instructed the jury that "if what [the lawyers] say is different from what I say, you must follow what I say. . . [t]he lawyers' statements and arguments are not evidence. . ." To the extent there was any potential prejudice from the comments or actions, it was cured by the district court's instruction to the jury. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1046–47 (6th Cir. 1996) (holding that a motion for a new trial should be denied if prejudice is cured by jury instructions). A jury is presumed to have followed instructions correctly. *Conwood Co. v. U.S. Tobacco Co.*, 290 F.3d 768, 794 (6th Cir. 2002), *cert. denied*, 537 U.S. 1148, 123 S. Ct. 876, 154 L. Ed. 2d 850 (2003). Because the alleged improper arguments and comments did not adversely affect the fairness of Plaintiffs' trial, the district court did not abuse its discretion in denying Plaintiffs' motion for a new trial on this ground.

Lastly, Plaintiffs argue that the district court improperly allowed Brian Fleetham, a lawyer, to testify as an expert witness at trial. Plaintiffs, however, neglect to detail at what point Mr. Fleetham's testimony transitioned from that of a lay witness to an expert opinion.

Nevertheless, "[w]e review for abuse of discretion a district court's evidentiary rulings, including witness testimony under Rules 701 and 702 of the Federal Rules of Evidence." *United*

6

*States v. White*, 492 F.3d 380, 398 (6th Cir. 2007) (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 524 (6th Cir. 2004)). Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Prior to Mr. Fleetham's testimony, the district court provided a limiting jury instruction, which cautioned the jury that "[w]hat Mr. Fleetham thinks about the law, his opinion about the law ultimately doesn't matter… it will be up to me to tell you what the law is." Furthermore, the district court reiterated its instructions as to Mr. Fleetham's testimony any time objections were made.

Based on the record before the court, given this cautionary instruction, and given that the district court properly instructed the jury on the applicable law, the district court did not abuse its discretion in permitting Mr. Fleetham to provide his lay opinion.

## III.

For these reasons, the district court's judgment is AFFIRMED.